IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

MARY KATHERINE HORTON JONES,     PLAINTIFF
as Conservator of the Person and Estate of
Lynn Horton

V.     CIVIL ACTION NO.: 4:20-CV-095-SA-RP

PHILLIP HORTON, SARAH HORTON,
REGIONS BANK, and FIDELITY
INVESTMENTS INSTITUTIONAL
SERVICES, INC.     DEFENDANTS

ORDER

On May 5, 2020, the Plaintiff filed her Complaint [2] in the Circuit Court of Leflore County, Mississippi, alleging that Fidelity[1] and Regions violated the Electronic Fund Transfer Act, a federal statute. She also asserts against Fidelity, Regions, Phillip Horton, and Sarah Horton state law claims including conversion, negligence, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, breach of contract, fraud, and embezzlement. Regions removed the case to this Court on the basis of federal question jurisdiction. *See* [1].

On June 5, 2020, Fidelity filed a Motion [4] to Compel Arbitration and to Stay Pending Arbitration, to which Regions joined. Neither Phillip nor Sarah joined in Fidelity's Motion [4]. On March 30, 2021, this Court entered an Order [26] granting the Motion [4], compelling the Plaintiff's claims against Fidelity and Regions to arbitration. Additionally, this Court gave the Plaintiff fourteen (14) days from the entry of the Order [26] to file a Response, indicating why the Plaintiff's claims against Phillip and Sarah should not also be compelled to arbitration. *See* [26] at p. 12-13. In turn, the Court gave Phillip and Sarah seven (7) days from the entry of the Plaintiff's

---

[1] The Plaintiff incorrectly named this Defendant as Fidelity Investments Institutional Services, Inc. Rather, this Defendant is two separate entities properly named as Fidelity Brokerage Services LLC and Fidelity Management Trust Company.

Response, should she choose to file one, to file a Reply should they choose to do so. *See id.* at p. 13. The Plaintiff filed a Response [27] on April 12, 2021. Neither Phillip nor Sarah filed a Reply, and the time to do so has passed.

In her Response [27], the Plaintiff notes that Phillip failed to file an Answer to the Plaintiff's Complaint [2] or appear in any way. As such, in her Response [27], the Plaintiff requests that this Court direct the Clerk of Court to enter default and subsequently enter default judgment against Phillip. Alternatively, the Plaintiff asks that this Court compel the Plaintiff's claims against Phillip and Sarah to arbitration so that the Plaintiff's claims against all four Defendants may be heard in one action. In other words, other than the request for a default judgment against Phillip, the Plaintiff concedes that the claims should be compelled to arbitration.

Under the Federal Rules of Civil Procedure, the entry of default judgment is a two-step process. *Joe Hand Promotions, Inc. v. Plummer*, 2014 WL 3749148 at *1 (N.D. Miss. July 29, 2014). First, Rule 55(a) requires that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, once the Clerk has entered default, Rule 55(b) provides that the Clerk must enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). If there is no sum certain or the sum cannot be made certain, "the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

Here, the Plaintiff did not properly file a Motion for Entry of Default as is required pursuant to Rule 55(a). FED. R. CIV. P. 55(a). Therefore, seeing as the Plaintiff has not properly filed a motion for the entry of default, the Plaintiff's request for an entry of default and subsequent default judgment is DENIED. *See Joe Hand Promotions, Inc.*, 2014 WL 3749148 at *1.

Having found that the Plaintiff has not complied with the appropriate procedure for obtaining a default judgment against Phillip, the Court now turns to the arbitration issue. In its previous Order [26], the Court compelled the Plaintiff's claims against Fidelity and Regions to arbitration and noted the apparent interconnectedness between the Plaintiff's claims against those Defendants and her claims against Phillip and Sarah. The Plaintiff appears to agree with the Court's inclination on that point, essentially conceding the same in her Response [27]. Therefore, the Plaintiff's claims against Phillip Horton and Sarah Horton are hereby compelled to arbitration.

The parties are hereby ordered to submit the case to arbitration, consistent with the terms of the binding arbitration agreement. Otherwise, this case is dismissed *with prejudice*, subject to reopening only in the event it becomes necessary to enforce the final decision of the arbitrator.

SO ORDERED, this the 7th day of June, 2021.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE